## MATHEW MAIR v. JULIUS SCHWARTZ.[1]

February 28, 1930.

No. 27,624.

*Sarah R. Gensler Schwartz,* for appellant.
*James H. L. Kelehan* and *Joseph A. Dady,* for respondent.

PER CURIAM.

Defendant appeals from a judgment of the municipal court of the city of Minneapolis rendered upon a promissory note which defendant admits executing.

Defendant assigns as error the failure of the court to find that the note had been materially altered. The amended answer upon which the case was tried nowhere alleged that the note had been altered, and that question was not an issue in the case. However the alteration claimed consists merely in the fact that at the bottom of the note below the signature were the words: "With assignment of automobile insurance damage case as security"; and that a line had been drawn through these words. Erasing these words did not change the terms of the note nor affect its validity in any way.

Another assignment of error is: "That the court erred in finding that plaintiff is an innocent purchaser for value before maturity." This finding is not only sustained by the evidence, but there is no evidence to the contrary.

Other assignments are to the effect that the payment of the note was contingent upon the outcome of a suit pending between defendant and the original payee of the note. The answer contains allegations which pre-

[1]Reported in 229 N. W. 565.

sumably state the claims asserted by defendant in that action; but as it fails to show that the note in question was connected in any way with the matters involved in that action, the facts so alleged would constitute no defense to the present action even if the plaintiff were not a holder in due course.

The court made findings of fact and conclusions of law and ordered judgment for plaintiff. Defendant made a motion for a new trial, which was denied. Thereafter defendant made another motion for amended findings or a new trial, which was also denied. With this last motion defendant presented a new proposed amended answer and the affidavits of himself and his attorney. These affidavits were apparently intended to add to and supplement their testimony as given at the trial. Additional evidence cannot be given in this way, and the affidavits cannot be considered.

No errors appear and the judgment is affirmed.